IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QFIX SYSTEMS, LLC and<br>ANHOLT TECHNOLOGIES, INC.<br>d/b/a CQ MEDICAL,<br><br>Plaintiffs<br><br>v.<br><br>KLARITY MEDICAL PRODUCTS, LLC,<br><br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br><br><br><br>Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Qfix Systems, LLC and Anholt Technologies, Inc., collectively d/b/a CQ Medical ("Plaintiffs" or "CQ Medical"), by and through their undersigned counsel, file this Complaint and Jury Demand against Defendant Klarity Medical Products, LLC ("Defendant" or "Klarity"), and allege as follows:

### NATURE OF THE ACTION

1. This is an action for infringement of United States Patent Nos. 11,523,929 and 11,992,430 arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.

### THE PARTIES

2. Plaintiff Qfix Systems, LLC is a corporation organized and existing under the laws of the State of Delaware, having a primary place of business of 440 Church Rd., Avondale, PA 19311.

3. Plaintiff Anholt Technologies, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a primary place of business of 440 Church Rd., Avondale, PA 19311.

4.  On information and belief, Klarity is a corporation organized and existing under the laws of the State of Delaware. On information and belief, Klarity has a principal place of Business at 600 Industrial Parkway, Heath, Ohio 43056.

## JURISDICTION AND VENUE

5.  This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1131 and 1338(a), in that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

6.  This Court has personal jurisdiction over Klarity. Klarity is a corporation organized and existing under the laws of the State of Delaware and, therefore, subject to this Court's jurisdiction. Furthermore, on information and belief, Klarity has regularly and systematically transacted business in and with residents of the State of Delaware, directly and/or through intermediaries, and/or committed acts of infringement in the State of Delaware as alleged more particularly below. In particular, on information and belief, Klarity sells and/or offers for sale products throughout the United States, including Delaware, for infringing use under such circumstances that Klarity reasonably should have anticipated being subject to suit in this judicial district.

7.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

## BACKGROUND

8.  CQ Medical is a medical device company that is an industry leader in developing and commercializing innovative medical products such as patient positioning and transfer systems for use in conjunction with treatments such as radiotherapy.

9. CQ Medical has developed a number of improvements in patient positioning and transfer systems which are incorporated into the products designed, manufactured, and sold by CQ Medical.

10. Some of those improvements are embodied in accessories which are sold by CQ Medical in connection with its patient positioning and transfer systems.

11. United States Patent No. 11,523,929 ("the '929 patent"), entitled "ACCESSORY DEVICE, A PATIENT IMMOBILIZATION SYSTEM, AND A METHOD OF FORMING A PATIENT IMMOBILIZATION SYSTEM," was duly and lawfully issued on December 13, 2022. A true and correct copy of the '929 patent is attached hereto as **Exhibit 1** and is incorporated by reference herein.

12. The '929 patent has been in full force and effect since its issuance. CQ Medical owns by assignment the entire right, title, and interest in and to the '929 patent, including the right to seek damages for past, current, and future infringement thereof.

13. United States Patent No. 11,992,430 (the '430 patent), entitled "ACCESSORY DEVICE, A PATIENT IMMOBILIZATION SYSTEM AND A METHOD OF FORMING A PATIENT IMMOBILIZATION SYSTEM," was duly and lawfully issued on May 28, 2024. A true and correct copy of the '430 patent is attached hereto as **Exhibit 2** and is incorporated by reference herein.

14. The '430 patent has been in full force and effect since its issuance. CQ Medical owns by assignment the entire right, title, and interest in and to the '430 patent, including the right to seek damages for past, current, and future infringement thereof.

15. Klarity is a competitor of CQ Medical in a number of markets, including in the marketing and sale of products designed for patient positioning during radiotherapy treatment.

16. On information and belief, Klarity manufactures, sells, offers to sell, and/or distributes within the United States at least one product for use with systems for patient positioning during radiotherapy treatment, namely, the Klarity BiteLok® device.

17. As set forth in greater detail below, Klarity's manufacture, sale, offer for sale, and/or distribution in the United States of Klarity's BiteLok directly infringes one or more claims of the '929 and '430 patents.

18. On information and belief, Klarity's customers that use Klarity's BiteLok in the United States directly infringe one or more claims of the '929 and '430 patents.

19. On information and belief, Klarity owns and operates, https://www.klaritymedical.com/bitelok, which offers for sale within the United States Klarity's BiteLok.

20. On information and belief, Klarity induces and/or contributes to infringement of the '929 and '430 patents by selling, offering for sale, and/or distributing in the United States Klarity's BiteLok in conjunction with Klarity's marketing of this product and/or the instructions provided by Klarity in association with this product. A true and correct copy of Klarity's BiteLok Instructions for Use inducing and/or contributing to the infringement of the '929 and '430 patents is attached hereto as **Exhibit 3**.

21. Exemplary charts documenting the infringement of the '929 and '430 patents by Klarity's BiteLok are attached hereto as **Exhibit 4** and **Exhibit 5**, respectively.

## COUNT I
### Direct Infringement of U.S. Patent No. 11,523,929

22. CQ Medical restates and realleges each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

23. The '929 patent is valid and enforceable.

24. Claim 1 of the '929 patent recites

[1.0] An accessory device configured to position a patient relative to an immobilization device including a low temperature thermoplastic sheet, the accessory device comprising:

[1.1] a patient fixation portion configured for fixation on or insertion into the patient during use; and

[1.2] a lock portion extending distally from the patient fixation portion generally along a lock portion axis;

[1.3] wherein the accessory device is configured to be engaged by and to contact a proximal surface of the low temperature thermoplastic sheet by forming the proximal surface of the low temperature thermoplastic sheet around the lock portion of the accessory device, such that the proximal surface of the low temperature thermoplastic sheet conforms to the lock portion and when engaged prevents unintended separation of the accessory device from the low temperature thermoplastic sheet during use;

[1.4] wherein when engaged, the lock portion does not penetrate the low temperature thermoplastic sheet from the proximal surface of the low temperature thermoplastic sheet to a distal surface of the low temperature thermoplastic sheet; and

[1.5] wherein the proximal surface of the low temperature thermoplastic sheet is positionable proximal the patient and the distal surface of the low temperature thermoplastic sheet is opposite from the proximal surface.

See **Exhibit 1**, column 9, lines 2-29.

25.     Regarding element [1.0], the Klarity BiteLok is an accessory device configured to position a patient relative to an immobilization device including a low temperature thermoplastic sheet. *See* **Exhibit 4**, p. 1.

26.     Regarding element [1.1], the Klarity BiteLok includes a patient fixation portion configured for fixation on or insertion into the patient during use. *See* **Exhibit 4**, p. 2.

27.     Regarding element [1.2], the Klarity BiteLok has a lock portion extending distally from the patient fixation portion generally along a lock portion axis. *See* **Exhibit 4**, p. 2.

28.     Regarding element [1.3], the Klarity BiteLok is configured to be engaged by and to contact a proximal surface of the low temperature thermoplastic sheet by forming the proximal surface of the low temperature thermoplastic sheet around the lock portion of the accessory device, such that the proximal surface of the low temperature thermoplastic sheet conforms to the lock portion and when engaged prevents unintended separation of the accessory device from the low temperature thermoplastic sheet during use. *See* **Exhibit 4**, p. 3.

29.     Regarding element [1.4], the Klarity BiteLok includes a lock portion that, when engaged, does not penetrate the low temperature thermoplastic sheet from the proximal surface of the low temperature thermoplastic sheet to a distal surface of the low temperature thermoplastic sheet. *See* **Exhibit 4**, p. 4.

30.     Regarding element [1.5], in use with the Klarity BiteLok, the proximal surface of the low temperature thermoplastic sheet is positionable proximal the patient and the distal surface of the low temperature thermoplastic sheet is opposite from the proximal surface. *See* **Exhibit 4**, p. 5.

31.     On information and belief, Klarity has directly infringed and continues to directly infringe the '929 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of

equivalents, by manufacturing, selling, offering to sell, and/or distributing within the United States the Klarity BiteLok.

32. Klarity does not have a license or other lawful right to practice the invention claimed in the '929 patent.

33. Klarity's infringement of the '929 patent has injured and continues to injure CQ Medical, causing irreparable harm for which damages are an inadequate remedy, such that a permanent injunction should be issued.

34. As a result of Klarity's infringement of the '929 patent, CQ Medical has suffered and continues to suffer monetary damages.

## COUNT II
### Indirect Infringement of U.S. Patent No. 11,523,929

35. CQ Medical restates and realleges each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

36. On information and belief, users of Klarity's BiteLok have directly infringed and continue to directly infringe the '929 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents.

37. On information and belief, Klarity has induced and/or contributed to the infringement of the '929 patent under 35 U.S.C. §§ 271(b) and (c) by selling, offering for sale, and/or distributing in the United States Klarity's BiteLok in conjunction with Klarity's marketing of this product and/or the instructions provided by Klarity in association with this product.

38. On information and belief, Klarity induces infringement of at least one claim of the '929 patent at least by instructing users to use Klarity's BiteLok in a manner resulting in direct infringement by the user with the knowledge and intent that doing so would result in the infringement of one or more claims of the '929 patent by those users.

39. On information and belief, Klarity contributes to infringement of at least one of the '929 patent at least by selling, offering to sell, and/or distributing Klarity's BiteLok, knowing the same to be specially made or especially adapted for use in a manner infringing on the '929 patent, without the same being a staple article or commodity of commerce suitable for substantial non-infringing use.

40. Klarity's indirect infringement of the '929 patent has injured and continues to injure CQ Medical, causing irreparable harm for which damages are an inadequate remedy, such that a permanent injunction should be issued.

41. As a result of Klarity's indirect infringement of the '929 patent, CQ Medical has suffered monetary damages.

## COUNT III
### Direct Infringement of U.S. Patent No. 11,992,430

42. CQ Medical restates and realleges each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

43. The '430 patent is valid and enforceable.

44. Claim 1 of the '430 patent recites:

[1.0] An accessory device configured to position a patient relative to an immobilization device including a low temperature thermoplastic sheet, the accessory device comprising:

[1.1] a patient fixation portion configured for fixation on or insertion into the patient during use; and

[1.2] a lock portion extending distally from the patient fixation portion generally along a lock portion axis;

[1.3] wherein the accessory device is configured to be engaged by and to contact a proximal surface of the low temperature thermoplastic sheet by forming the proximal surface of the low temperature thermoplastic sheet around the lock portion of the accessory device, such that the proximal surface of the low temperature thermoplastic sheet conforms to the lock portion and when engaged prevents unintended separation of the accessory device from the low temperature thermoplastic sheet during use;

[1.4] wherein when engaged, the lock portion does not penetrate the low temperature thermoplastic sheet from the proximal surface of the low temperature thermoplastic sheet to a distal surface of the low temperature thermoplastic sheet;

[1.5] wherein the proximal surface of the low temperature thermoplastic sheet is positionable proximal the patient and the distal surface of the low temperature thermoplastic sheet is opposite form the proximal surface; and

[1.6] wherein the accessory device has an air passage such that air may pass through the accessory device.

See **Exhibit 2**, column 9, lines 5-33.

45. Regarding element [1.0], the Klarity BiteLok is an accessory device configured to position a patient relative to an immobilization device including a low temperature thermoplastic sheet. See **Exhibit 5**, p. 1.

46. Regarding element [1.1], the Klarity BiteLok includes a patient fixation portion configured for fixation on or insertion into the patient during use. See **Exhibit 5**, p. 2.

47. Regarding element [1.2], the Klarity BiteLok has a lock portion extending distally from the patient fixation portion generally along a lock portion axis. See **Exhibit 5**, p. 3.

48. Regarding element [1.3], the Klarity BiteLok is configured to be engaged by and to contact a proximal surface of the low temperature thermoplastic sheet by forming the proximal surface of the low temperature thermoplastic sheet around the lock portion of the accessory device, such that the proximal surface of the low temperature thermoplastic sheet conforms to the lock portion and when engaged prevents unintended separation of the accessory device from the low temperature thermoplastic sheet during use. *See* **Exhibit 5**, p. 3.

49. Regarding element [1.4], the Klarity BiteLok includes a lock portion that, when engaged, does not penetrate the low temperature thermoplastic sheet from the proximal surface of the low temperature thermoplastic sheet to a distal surface of the low temperature thermoplastic sheet. *See* **Exhibit 5**, p. 4.

50. Regarding element [1.5], in use with the Klarity BiteLok, the proximal surface of the low temperature thermoplastic sheet is positionable proximal the patient and the distal surface of the low temperature thermoplastic sheet is opposite from the proximal surface. *See* **Exhibit 5**, p. 4 and p. 5.

51. Regarding element [1.6] the Klarity BiteLok includes an air passage such that air may pass therethrough. *See* **Exhibit 5**, p. 5.

52. On information and belief, Klarity had directly infringed and continues to directly infringe the '430 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by importing, selling, offering to sell, and/or distributing within the United States Klarity's BiteLok.

53. Klarity does not have a license or other lawful right to practice the invention claimed in the '430 patent.

54. Klarity's infringement of the '430 patent has injured and continues to injure CQ Medical, causing irreparable harm for which damages are an inadequate remedy, such that a permanent injunction should be issued.

55. As a result of Klarity's infringement of the '430 patent, CQ Medical has suffered and continues to suffer monetary damages.

## COUNT IV

### Indirect Infringement of U.S. Patent No. 11,992,430

56. CQ Medical restates and realleges each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

57. One information and belief, users of Klarity's BiteLok have directly infringed and continued to directly infringe the '430 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents.

58. On information and belief, Klarity has induced an/or contributed to the infringement of the '430 patent under 35 U.S.C. §§ 271 (b) and (c) by selling, offering for sale, and/or distributing in the United States Klarity's BiteLok, in conjunction with Klarity's marketing of this product and/or an informational video provided by Klarity in association with these products.

59. On information and belief, Klarity induces infringement of at least one claim of the '430 patent at least by instructing users to use Klarity's BiteLok in a manner resulting in direct infringement by the user with the knowledge and intent that doing so would result in the infringement of one or more claims of the '430 patent by those users.

60. On information and belief, Klarity contributes to infringement of at least one claim of the '430 patent at least by selling, offering to sell, and/or distributing Klarity's BiteLok, knowing the same to be especially made or especially adapted for use in a manner infringing

the '430 patent, without the same being a staple article of commodity of commerce suitable for substantial non-infringing use.

61.  Klarity's indirect infringement of the '430 patent has injured and continues to injure CQ Medical, causing irreparable harm for which damages are an inadequate remedy, such that a permanent injunction should be issued.

62.  As a result of Klarity's indirect infringement of the '430 patent CQ Medical has suffered monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, CQ Medical respectfully requests that the Court grant the following relief:

A.  Enter judgement that Klarity has directly infringed the '929 and the '430 patents;

B.  Enter judgement that Klarity has induced infringement of the '929 and '430 patents by selling, offering to sell, and/or distributing Klarity's BiteLok in the United States and instructing users to use Klarity's BiteLok;

C.  Enter judgement that Klarity has contributed to infringement of the '929 and '430 patents by selling, offering to sell, and/or distributing Klaity's BiteLok in the United States;

D.  Enter an order enjoining Klarity and its affiliates, subsidiaries, officers, agents, employees, attorneys, and all persons in active concert or participation with any of them from infringing the '929 and '430 patents.

E.  Award CQ Medical damages in an amount sufficient to compensate it for Klarity's infringement of the '929 and '430 patents, including lost profits but in no event less than a reasonable royalty, together with prejudgment and post-

judgment interest at the maximum rate allowed by law costs under 35 U.S.C. § 284.

F.  Award CQ Medical such other and further relief as this Court deems just and proper.

## JURY DEMAND

CQ Medical demands a jury trial on all issues so triable.

Date:  11/25/24                                Respectfully submitted,

*/s/ Andrew J. Koopman*
Andrew J. Koopman (DE Bar No. 5288)
Christopher H. Blaszkowski (DE Bar No. 5673)
Buchanan Ingersoll & Rooney, P.C.
500 Delaware Ave.,
Suite 720
Wilmington, DE 19801-7407
Telephone: (610) 407-0700
Fax: (610) 407-0701
andrew.koopman@bipc.com
christopher.blaszkowski@bipc.com

***Attorneys for Plaintiffs Qfix Systems, LLC and Anholt Technologies, Inc. d/b/a CQ Medical***